William Turley, Esq. (122408)
David Mara, Esq. (230498)
Jamie Serb, Esq. (289601)
Tony Roberts, Esq. (315595)
**THE TURLEY & MARA LAW FIRM, APLC**
7428 Trade Street
San Diego, California 92121
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for DERRICK SCOTT and REYNA CUEVAS

**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
fschmidt@haineslawgroup.com
Andrew J. Rowbotham (SBN 301367)
arowbotham@haineslawgroup.com
Matthew K. Moen (SBN 305956)
mmoen@haineslawgroup.com
222 N. Sepulveda Blvd., Ste. 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for TUAN MINH PHAM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SCOTT, REYNA CUEVAS, and TUAN MINH PHAM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSDEV SERVICES, INC., a Maryland Corporation; TRANSDEV NORTH AMERICA, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants | Case No. 3:17-CV-03826-VC<br><br>Assigned to: Hon. Vince Chhabria<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT:**<br><br>(1) **FAILURE TO PAY ALL STRAIGHT TIME WAGES (LABOR CODE §§ 221-223, 1182.12, 1194, 1194.2, AND 1197);**<br><br>(2) **FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);**<br><br>(3) **MEAL PERIOD VIOLATIONS (LABOR** |

1
Second Amended Class Action Complaint

**CODE §§ 226.7, 512, AND 558);**

**(4) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, AND 558);**

**(5) WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 *et seq.*);**

**(6) WAITING TIME PENALTIES (LABOR CODE §§ 201 – 203);**

**(7) UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*);**

**DEMAND FOR JURY TRIAL UNLIMITED CIVIL CASE**

Plaintiffs Derrick Scott, Reyna Cuevas, and Tuan Minh Pham (collectively "Plaintiffs") on behalf of themselves and all others similarly situated, hereby bring this Class Action Complaint against Defendants Transdev Services, Inc., a Maryland Corporation; Transdev North America, Inc., a Delaware Corporation; and DOES 1 to 10 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1. Plaintiffs, on behalf of themselves and all others similarly situated, hereby bring this class, collective and representative action for recovery of unpaid wages and penalties under California Labor Code §§ 201-204, 221-223, 226, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, California Business and Professions Code §§ 17200, *et seq*. (Unfair Competition), and Industrial Welfare Commission Wage Order No. 9 ("Wage Order 9"), in addition to seeking injunctive relief, declaratory relief, and restitution.

2. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d).

## **VENUE**

3. Venue is proper under 28 U.S.C. 1391 because Defendants do business in Alameda County and some of the acts alleged herein took place in Alameda County. Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at least some of them operate businesses where they employed Plaintiffs Scott and Cuevas within the Northern District of California.

## **PARTIES**

4. Plaintiffs are individuals over the age of eighteen (18). During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiffs were employed by Defendants as hourly non-exempt employees. Plaintiffs were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and have been deprived of the rights guaranteed to them by California Labor Code §§ 201-204, 221-223, 226, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, California Business and Professions Code § 17200 *et seq.* (Unfair Competition), and Wage Order 9.

5. Plaintiffs are informed and believe, and based thereon allege, that during the four years preceding the filing of the initial Complaint in this action and continuing to the present, Defendants did (and do) business by providing bus, rail, paratransit, shuttle, sedan and taxi services throughout California and the United States, and employed Plaintiffs and other similarly situated non-exempt employees within Alameda County, Napa County, and Orange County, and, therefore, were (and are) doing business in Alameda County and the State of California.

6. Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 through 10, and for that reason, said defendants are sued under such fictitious names, and Plaintiffs will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiffs are informed and believe, and based thereon allege, that each of said fictitious defendants, whether individual, partner, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined herein) to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

7. Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, Defendants were and are the employers of Plaintiffs and all members of the Classes (as defined herein).

8. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.  Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

9. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and integrated/common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and integrated/common enterprise.  Further, Plaintiffs allege that all Defendants were joint employers for all purposes of Plaintiffs and all members of the Classes (as defined herein).

# GENERAL FACTUAL ALLEGATIONS

10.  Plaintiff Scott worked for Defendants as a non-exempt Bus Operator from approximately February 16, 2009 until April 24, 2015 in Alameda County, California. Plaintiff Cuevas worked for Defendants as a non-exempt Bus Operator from 2014 until 2015 in Napa County, California. Plaintiff Pham worked for Defendants as a non-exempt Bus Operator from November 7, 2016 until May 26, 2017 in Orange County, California. Plaintiff Pham was never a member of a labor union during his employment with Defendants.

11.  During Plaintiffs' employment with Defendants, they were not compensated for all hours actually worked due to Defendants' unlawful timekeeping policies and/or practices. Specifically, Plaintiffs were unable to clock in and out by themselves, but rather needed to be clocked in and out by Defendants' dispatchers. However, Plaintiffs were nonetheless required to perform preliminary and post-liminary work activities prior to being clocked-in and after being clocked out by Defendants for which they were not compensated. As a result, Plaintiffs were not paid all required straight-time wages for all hours actually worked, and were deprived of additional overtime wages earned. Similarly, Plaintiffs were unable to clock in or out for meal periods themselves, and Defendants' policy and/or practice was to simply deduct 30 minutes from Plaintiffs' recorded time for purported meal periods, regardless of whether or not a full 30-minute meal period was actually taken by Plaintiffs (and in fact, Plaintiffs' meal periods were frequently less than 30 minutes in duration when taken). As a result, Plaintiffs were further deprived of all required straight-time and overtime wages for all hours actually worked.

12.  As a prerequisite to any meal and/or rest period, Plaintiffs were required to coordinate relief with Defendants' dispatch office. Specifically, Plaintiffs were commonly required to contact dispatch to request meal and/or rest periods. However, a break was not guaranteed upon doing so, and Plaintiffs were

regularly required to wait until the next shuttle "run" before they could navigate to Defendants' specified break area for a meal and/or rest period. Depending on the time of day, this meant Plaintiffs had to wait anywhere from a few minutes to a few hours before being provided a meal and/or rest period. Defendants' policy/practice often resulted in Plaintiffs not being provided a timely first meal period (commencing before the end of the fifth hour of work) and/or a full, uninterrupted 30-minute meal period. Further, Plaintiffs regularly worked in excess of 10.0 hours per workday, but were not provided with a second meal period due to Defendants' meal period policies/practices which do not provide for second meal periods regardless of shift length. On those occasions where Plaintiffs were not provided with all legally-required meal periods to which they were entitled, Defendants failed to compensate Plaintiffs with all required meal period premiums for each workday in which they experienced a meal period violation as mandated by Labor Code § 226.7.

13. Plaintiffs were not authorized and permitted to take all required compliant rest periods due to Defendants' unlawful rest period policies/practices which require employees to navigate to designated areas on Defendants' premises during rest periods and remain there for the duration of the break, thereby exercising control over employees during the rest periods (and invalidating said rest periods). *See Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 272 ("California law requires employers to relieve their employees of all work-related duties <u>and employer control</u> during 10-minute rest periods.") (emphasis added). Assuming *arguendo* that Defendants' policy of requiring Plaintiffs to remain within the designated break area during rest periods did not invalidate such breaks, Defendants failed to offset the time it took to travel to the designated area when authorizing and permitting these rest periods. Effectively, Defendants' rest period policy/practice required Plaintiffs to travel to the designated rest period area during a portion of their 10-minute rest period. On occasions where Plaintiffs

were more than 5 minutes from the designated rest period area at the time they were authorized to take a break by dispatch, they were unable to take a rest period at all, as they would not have adequate time to reach the rest area and return within their 10-minute rest period. Since Plaintiffs were required to use a portion of their rest periods to navigate to Defendants' designated break area before being relieved of all duties, Defendants' rest period policies/practices fail to authorize and permit 10-minutes "net rest time" as required by Wage Order 9. Further, Plaintiffs often worked shifts in excess of 10.0 hours, but were not authorized and permitted to take any third rest periods during such shifts due to Defendants' rest period policies/practices which do not authorize and permit third rest periods, regardless of shift length. On those occasions where Plaintiffs were not provided with all legally compliant rest periods to which they were entitled, Defendants failed to compensate Plaintiffs with all required rest period premiums for each workday in which they experienced a rest period violation as mandated by Labor Code § 226.7.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

14. Class Definition: Plaintiffs bring this action on behalf of themselves and the following Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

   a. The <u>Straight-Time Wage Class</u> consists of all of Defendants' current and former non-exempt employees in California who were subject to Defendants' timekeeping practices, during the four years immediately preceding the filing of the Complaint through the present.

   b. The <u>Overtime Class</u> consists of all of Defendants' current and former non-exempt, non-union employees in California who worked more than eight hours in a workday and/or more than 40 hours in a workweek and were subject to Defendants'

        timekeeping practices, during the four years immediately preceding the filing of the Complaint through the present.

  c. The <u>Meal Period Class</u> consists of all of Defendants' current and former non-exempt, non-union employees in California who (i) worked a shift in excess of 5.0 hours and were not provided with meal period of at least 30 minutes prior to the end of the fifth hour of work and do not have a corresponding meal period premium payment notated on their earnings statement; and/or (ii) worked at least one shift in excess of 10.0 hours without being provided a second meal period and do not have a corresponding meal period premium payment notated on their earnings statement, during the four years immediately preceding the filing of the Complaint through the present.

  d. The <u>Rest Period Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked a shift in excess of 3.5 hours, during the four years immediately preceding the filing of the Complaint through the present.

  e. The <u>Wage Statement Class</u> consists of all members of the Straight-Time Wage, Overtime Wage, Meal Period, and/or Rest Period Classes who received a wage statement, during the one year immediately preceding the filing of the Complaint through the present.

  f. The <u>Waiting Time Class</u> consists of Defendants' formerly employed members of the Straight-Time Wave, Overtime Wage, Meal Period, and/or Rest Period Classes, and who separated from employment during the three years immediately preceding the filing of the Complaint through the present.

15. **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiffs, at this time; however, it is estimated that the Classes number greater than five hundred (500) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

16. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiffs and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

   a. Whether Defendants properly compensated all members of the Straight-Time Wage Class for all hours actually worked;

   b. Whether Defendants properly compensated all members of the Overtime Wage Class for all overtime hours actually worked;

   c. Whether Defendants provided all legally-compliant meal periods to members of the Meal Period Class;

   d. Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code 226; and

   e. Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of separation from employment were unlawful.

17. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their uniform timekeeping, meal and rest period

policies and practices. As such, these common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

18. **Typicality:** The claims of Plaintiffs are typical of the claims of the Classes because Plaintiffs were employed by Defendants as non-exempt employees in California and the United States during the statutes of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiffs, like the members of the Classes, were deprived of all straight-time and overtime wages, were denied and/or provided with non-compliant meal and rest periods, were furnished with inaccurate and incomplete wage statements, and were not paid all wages owed at the time of their termination.

19. **Adequacy of Representation:** Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiffs. Plaintiffs' attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past, have been found by numerous courts to be adequate class counsel, and are committed to vigorously prosecuting this action on behalf of the members of the classes.

20. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiffs and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If

1 each employee were required to file an individual lawsuit, Defendants would
2 necessarily gain an unconscionable advantage since they would be able to exploit
3 and overwhelm the limited resources of each individual plaintiff with their vastly
4 superior financial and legal resources.  Moreover, requiring each member of the
5 Classes to pursue an individual remedy would also discourage the assertion of
6 lawful claims by employees who would be disinclined to file an action against
7 their former and/or current employer for real and justifiable fear of retaliation and
8 permanent damages to their careers at subsequent employment.  Further, the
9 prosecution of separate actions by the individual class members, even if possible,
10 would create a substantial risk of inconsistent or varying verdicts or adjudications
11 with respect to the individual class members against Defendants herein; and which
12 would establish potentially incompatible standards of conduct for Defendants;
13 and/or legal determinations with respect to individual class members which
14 would, as a practical matter, be dispositive of the interest of the other class
15 members not parties to adjudications or which would substantially impair or
16 impede the ability of the class members to protect their interests. Further, the
17 claims of the individual members of the class are not sufficiently large to warrant
18 vigorous individual prosecution considering all of the concomitant costs and
19 expenses attending thereto.

20      21.   As such, the Classes identified herein are maintainable under Rule 23
21 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act.

## FIRST CLAIM

## FAILURE TO PAY ALL STRAIGHT-TIME WAGES
## (AGAINST ALL DEFENDANTS)

25      22.   Plaintiffs re-allege and incorporate by reference all prior paragraphs
26 as though fully set forth herein.

27      23.   Labor Code §§ 204 and 221-223 provide that all non-exempt
28 employees are entitled to be paid all wages owed at the rate agreed upon with their

employer, and provide a private right of action for the failure to pay all wages owed at the agreed-upon rate for all work performed. Wage Order 9, § 4 and Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest thereon. At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law by failing to pay Plaintiffs and members of the Straight-Time Wage Class for all hours worked, including, but not limited to, all hours they were subject to Defendants' control and/or were suffered or permitted to work under the Labor Code and Wage Order 9.

24. As alleged above, Plaintiffs are informed and believe, and based thereon allege, that Defendants' timekeeping policies/practices resulted in Plaintiffs and Straight-Time Wage Class members not being paid for all hours actually worked. Accordingly, Plaintiffs and Straight-Time Wage Class members were not paid all straight-time wages for all hours actually worked.

25. California Labor Code § 1198 makes unlawful the employment of an employee under conditions that the Industrial Welfare Commission prohibits. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

26. As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and the Straight-Time Wage Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and

statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and Wage Order 9.

27. Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiffs and members of the Straight-Time Wage Class in a civil action for the unpaid amount of straight-time and/or minimum wages, liquidated damages, including interest thereon, statutory penalties, civil penalties, attorneys' fees, and costs of suit according to California Labor Code §§ 204, 221-223, 210, 216, 1194 et seq., and 1198; and Code of Civil Procedure § 1021.5.

28. As a consequence of Defendants' non-payment of straight-time and/or minimum wages, Plaintiffs and members of the Straight-Time Wage Class seek penalties pursuant to the Wage Order 9, § 20(A) and California Labor Code § 1199; interest pursuant to California Labor Code §§ 218.6 and 1194 and Civil Code §§ 3287 and 3289; liquidated damages pursuant to California Labor Code § 1194.2; attorneys' fees and costs of suit pursuant to California Labor Code § 1194 et seq.; and damages and/or penalties pursuant to California Labor Code § 558(a).

## SECOND CLAIM

## FAILURE TO PAY ALL OVERTIME WAGES

## (AGAINST ALL DEFENDANTS)

29. Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

30. This cause of action is brought on behalf of Plaintiff Pham and the Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

31. At all times relevant herein, Defendants were required to properly compensate non-exempt drivers, including Plaintiff Pham and members of the

Overtime Class, for all overtime hours worked pursuant to Labor Code § 1194 and Wage Order 9. Wage Order 9, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of eight hours per workday and/or in excess of forty hours of work in the workweek. Wage Order 9, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each work day and/or for work in excess of eight hours on the seventh consecutive day of work in the workweek. Defendants caused Plaintiff Pham to work overtime hours, but did not compensate Plaintiff Pham or members of the Overtime Class at one and one half times (or two times) their regular rate of pay for such hours

32. Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rates for said work violates California Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198, and Wage Order 9.

33. The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff Pham and members of the Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 510, 558, 1194, 1198, 2698 et seq., and Code of Civil Procedure § 1021.5.

### THIRD CLAIM
### MEAL PERIOD VIOLATIONS
### (AGAINST ALL DEFENDANTS)

34. Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

35. Plaintiffs are informed and believe, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees, including Plaintiff Pham and members of the Meal Period Class, with all required meal periods in accordance with the mandates of the California Labor

Code and Wage Order 9, for the reasons set forth in the factual allegations and class definitions sections of this Complaint. Despite Defendants' violations, Defendants have not paid an additional hour of pay to Plaintiff Pham and members of the Meal Period Class at their respective regular rates of pay for each violation in accordance with Labor Code § 226.7.

36. As a result, Defendants are responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to Wage Order 9, Labor Code §§ 226.7 and 512, and Civil Code §§ 3287(b) and 3289.

## FOURTH CLAIM
## REST PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

37. Plaintiffs re-allege and incorporate by reference all previous paragraphs as though fully set forth herein.

38. Wage Order 9, § 12 and Labor Code §§ 226.7, 516, and 558 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

39. Due to their unlawful rest period policies and/or practices, Defendants did not authorize and permit Plaintiffs and members of the Rest Period Class to take the paid rest periods to which they are legally entitled for the reasons set forth in the factual allegations and class definitions sections of this Complaint. Despite Defendants' violations, Defendants have not paid an additional hour of pay to Plaintiff and members of the Rest Period Class at their respective regular rates of pay for each violation in accordance with Labor Code § 226.7.

40. The foregoing violations create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory

penalties, civil penalties, attorneys' fees, and costs of suit according to Labor Code §§ 226.7, 516, and 558, and Civil Code §§ 3287(b) and 3289.

# FIFTH CLAIM
## WAGE STATEMENT VIOLATIONS
## (AGAINST ALL DEFENDANTS)

41. Plaintiffs re-allege and incorporate by reference all previous paragraphs as though fully set forth herein.

42. Plaintiffs are informed and believe, and based thereon allege that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiffs and members of the Wage Statement Class with accurate and complete wage statements that included, among other requirements, all straight-time and overtime wages earned, all hours actually worked, and all meal and rest period premium wages earned, in violation of Labor Code § 226.

43. Defendants' failure to furnish Plaintiffs and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all earned wages and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

44. Defendants' failures creates an entitlement to recovery by Plaintiffs and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 and 226.3.

///
///
///

# SIXTH CLAIM
## WAITING TIME PENALTIES
### (AGAINST ALL DEFENDANTS)

45. Plaintiffs re-allege and incorporate by reference all previous paragraphs as though fully set forth herein.

46. This cause of action is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit. In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

47. Defendants failed to timely pay Plaintiffs all of their earned wages at the time of their separation. Further, Plaintiffs are informed and believe, and based thereon allege, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203. Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

48. Defendants' wilful failure to timely pay Plaintiffs and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

///
///
///

# SEVENTH CLAIM
## UNFAIR COMPETITION
### (AGAINST ALL DEFENDANTS)

49. Plaintiffs re-allege and incorporate by reference all previous paragraphs as though fully set forth herein.

50. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by failing to pay Plaintiffs and members of the Classes all straight-time and rest period premium wages, failing to pay Plaintiff Pham and members of the Classes all required overtime wages and meal period premium wages, knowingly failing to furnish Plaintiffs and members of the Wage Statement Class with accurate and complete wage statements, and wilfully failing to timely pay Plaintiffs and members of the Waiting Time Class all final wages upon termination of employment.

51. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiffs and continues to deprive members of the classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

52. Because Plaintiffs are victims of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiffs for themselves and on behalf of the members of the Classes, seek full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

53. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

54. Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and those of the Classes, to obtain restitution, to secure injunctive relief on behalf of Defendants' current hourly non-exempt employees, and to enforce important rights affecting the public interest. Plaintiffs thereby incurred the financial burden of attorneys' fees and costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment for themselves and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiffs as representative of the Classes;
3. For an order appointing Counsel for Plaintiffs as Counsel for the Classes;
4. Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 221-223, 1182.12, 1194, 1194.2, and 1197;
5. Upon the Second Claim, for compensatory, consequential, liquidated, general and special damages pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198.
6. Upon the Third Claim, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;
7. Upon the Fourth Claim, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;
8. Upon the Fifth Claim, for statutory penalties pursuant to Labor Code §§ 226, *et seq.*;

9. Upon the Sixth Claim, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

10. Upon the Seventh Claim, for restitution to Plaintiffs and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code §§ 17200, *et seq.*;

11. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

12. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194 *et seq.*, 2698 *et seq.*, 2802, and Code of Civil Procedure § 1021.5.

13. For such other and further relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial with respect to all issues triable by jury.

Dated: March 9, 2018            THE TURLEY & MARA LAW FIRM, APLC

By:   /s/ *William Turley*
      William Turley, Esq.
      David Mara, Esq.
      Jamie Serb, Esq.
      Tony Roberts, Esq.
      Attorneys for Plaintiffs

Dated: March 9, 2018            HAINES LAW GROUP, APC

By:   /s/ *Paul K. Haines*
      Paul K. Haines
      Attorneys for Plaintiffs