William Turley, Esq. (122408)
David Mara, Esq. (230498)
Jamie Serb, Esq. (289601)
Tony Roberts, Esq. (315595)
**THE TURLEY & MARA LAW FIRM, APLC**
7428 Trade Street
San Diego, California 92121
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
fschmidt@haineslawgroup.com
Andrew J. Rowbotham (SBN 301367)
arowbotham@haineslawgroup.com
Matthew K. Moen (SBN 305956)
mmoen@haineslawgroup.com
222 N. Sepulveda Blvd., Ste. 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DERRICK SCOTT, REYNA CUEVAS, and TUAN MINH PHAM, on behalf of themselves, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br>vs.<br><br>TRANSDEV SERVICES, INC., a Maryland Corporation; TRANSDEV NORTH AMERICA, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. 3:17-CV-03826-VC<br><br>Assigned to: Hon. Vince Chhabria<br><br>**DECLARATION OF FLETCHER W. SCHMIDT REGARDING FURTHER REVISIONS TO SETTLEMENT AGREEMENT AND THE HONORABLE COURT'S ORDER TO SHOW CAUSE** |

1
DECLARATION OF FLETCHER W. SCHMIDT REGARDING FURTHER
REVISIONS TO SETTLEMENT AGREEMENT AND THE HONORABLE
COURT'S ORDER TO SHOW CAUSE

## DECLARATION OF FLETCHER W. SCHMIDT

I, FLETCHER W. SCHMIDT, declare as follows:

1. I am a Partner with Haines Law Group, APC, and counsel for Plaintiffs in the above-captioned matter. I am a member in good standing of the bar of the State of California and am admitted to practice in this Court. I have personal knowledge of the facts stated in this declaration and could testify competently to them if called upon to do so.

2. I submit this declaration in response to the Court's January 14, 2019 Order Regarding Settlement Agreement; Order to Show Cause (Dkt. No. 53).

3. At the hearing on Plaintiffs' Motion for Preliminary Approval held on January 10, 2019, the Court requested that the Parties make several revisions to the Joint Stipulation of Settlement and the Class Notice. Based on my personal recollection of the Court's requests, as well as my contemporaneous notes from the hearing, it was my understanding that the Court requested certain revisions be made to the Joint Stipulation of Settlement, while separate revisions be made to the Class Notice.

4. Specifically, the Court addressed the issues of the class period starting date and the references to "non-exempt" employees while discussing the Court's requested revisions that the parties were to make to the Class Notice. It was my understanding that the Court was requesting these particular changes be made to the Class Notice only in order to assist the lay-person putative Class Members in understanding the scope of the parties' proposed settlement, rather than as a change to the Joint Stipulation of Settlement itself.[1] To reiterate, although the Class Definition in the original Joint Stipulation of Settlement extended back to January 24, 2013, there were no employees until November 26, 2016, and all bus driver employees were non-exempt employees, so the changes to the class definition did not result in any substantive change to the class composition. Therefore, the parties revised the Class Notice to include the Court's

---

[1] My recollection of the discussion surrounding the deletion of the phrase "in a non-exempt capacity" in the Class Notice was that the Court had initially requested only that additional explanatory language be added to explain that phrase to a lay audience, which I did not understand to be a request to change the Class definition itself.

2
DECLARATION OF FLETCHER W. SCHMIDT REGARDING FURTHER
REVISIONS TO SETTLEMENT AGREEMENT AND THE HONORABLE
COURT'S ORDER TO SHOW CAUSE

requested revisions to the class period starting date and removed the references to "non-exempt" employees, which I submitted to the Court on January 11, 2019.

5. I sincerely apologize to the Court for my misunderstanding of the scope of the Court's requested revisions. The parties' failure to incorporate the requested changes to the class period starting date and the references to "non-exempt" employees in the Joint Stipulation of Settlement was neither the result of the parties' intentional disregard for the Court's requests, nor the result of counsel's apathy. Rather, the parties' failure to make similar revisions to the Joint Stipulation of Settlement was the result of my affirmative attempts to comply precisely with what I believed the Court had requested. Accordingly, I respectfully request that the Court not issue sanctions for my error.

6. Attached hereto as Exhibit A is a redlined version of the revised Joint Stipulation of Settlement that (1) includes the correct starting date for the class period in #4; and (2) removes the references to non-exempt in #4 and #11. Attached hereto as Exhibit B is a clean version of the revised Joint Stipulation of Settlement. The Parties are now in the process of executing the revised Joint Stipulation of Settlement attached as Exhibit B.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 15, 2019, at El Segundo, California.

    /s/Fletcher W. Schmidt_____
    Fletcher W. Schmidt