**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIM CANALES ~~DERRICK SCOTT, REYNA CUEVAS, and TUAN MINH PHAM~~, on behalf of himself ~~themselves~~ and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSDEV SERVICES, INC., a Maryland Corporation; TRANSDEV NORTH AMERICA, INC., a Delaware Corporation; and Does 1 through 10,<br><br>Defendants. | Case No.: 3:17-CV-03826-VC<br><br>[*Assigned to Hon. Vince Chhabria*]<br><br>**[PROPOSED] FINAL JUDGMENT AND MODIFIED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>DATE: May 9, 2019<br>TIME: 10:00 a.m.<br>CTRM: 4 |

1

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL

This matter came on for hearing on May 9, 2019 at 10:00 a.m., at the Courthouse located at 450 Golden Gate Avenue, Courtroom 4, 17th Floor, San Francisco, California 94102, Honorable Judge Vince Chhabria presiding. Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings held herein, all oral and written comments and any objections received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing thereto:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the above captioned matter (the "Action"), the Class Representative Jim Canales ("Plaintiff" or "Class Representative"), Defendants Transdev Services, Inc. and Transdev North America, Inc. ("Transdev"), and all members of the following Settlement Class:

> All persons employed by Defendants Transdev Services, Inc. and Transdev North America, Inc. as a Bus Operator or Driver at Defendants' Anaheim location from November 26, 2016 until January 16, 2019.

2. The terms "Settlement" or "Settlement Agreement" shall refer to the Joint Stipulation of Settlement filed by Plaintiff as Exhibit B to the Declaration of Fletcher W. Schmidt on January 15, 2019 (DE No. 54-2)), and all terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided herein

3. The Court grants final approval of the Settlement Agreement because it meets the criteria for final settlement approval. The settlement falls within the range of approval as fair, adequate, and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all members of the Settlement Class fairly.

4. The Court finds that the distribution by U.S. first-class mail of the Class Notice and Exclusion Form (collectively, "Notice Packet") constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class, and fully met the requirements of due process under the United States Constitution

and applicable state law. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Notice to the Settlement Class was adequate. The Notice informed members of the Settlement Class of the terms and provisions of the Settlement, their right to object to the Settlement or Class Counsel's Motion for Attorneys' Fees and Costs and the Class Representative Incentive Payment, their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding approval of the Settlement and Class Counsel's motion for Attorneys' Fees and Costs and the Class Representative Incentive Payment, and right to exclude themselves from the Settlement and pursue their own remedies. Adequate periods of time were provided by each of these procedures. No members of the Settlement Class objected to the Settlement or Class Counsel's Motion for Attorneys' Fees and Costs and the Class Representative Incentive Payment, and only 1 member of the Settlement Class requested to be excluded from the Settlement, resulting in a 100% participation rate.

5.   The Court finds, for purposes of settlement only, that the Settlement Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Settlement Class, as defined above. Because the Settlement Class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

6.   The Court approves the Settlement, the releases, and other terms set forth in the Settlement Agreement as fair, just, reasonable and adequate as to the Settlement Class the Class Representative, and Transdev (collectively, the "Settling Parties"). The Settling Parties and the Claims Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

7.   Except as to any individual member of the Settlement Class that has validly and timely opted out of the Settlement, all of the claims asserted in the Action are dismissed with prejudice as to the Class Representative and the members of the Settlement

Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement.

8. By this Judgment, the Class Representative and each member of the Settlement Class who has not validly and timely requested exclusion from the Settlement by opting out (collectively the "Releasing Members"), hereby release Transdev and the Released Parties (as defined in the Settlement Agreement) from the Released Claims (as defined in the Settlement Agreement).

9. The Action is dismissed on the merits and with prejudice, permanently barring the Releasing Members from prosecuting any of the Released Claims. The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representative, the Settlement Class, and Transdev for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

10. The Court finds that the plan of allocation for the shares of the Maximum Payment as set forth in the Settlement Agreement is fair and reasonable, and that distribution of the Net Settlement Amount to the Settlement Classes shall be done in accordance with the terms outlined in the Notice and Settlement Agreement.

11. The Court hereby confirms Jim Canales as Class Representative for the Settlement Class for settlement purposes.

12. The Court hereby confirms Paul K. Haines, Fletcher W. Schmidt, Andrew J. Rowbotham, and Matthew K. Moen of the Haines Law Group, APC, and William Turley, David Mara, Jamie Serb, and Tony Roberts of the Mara Law Firm, APLC as Class Counsel for settlement purposes.

13. The Court hereby approves payment from the Maximum Amount of settlement administration costs in the amount of $12,500.00 to CPT Group, Inc., for services rendered in this matter. The Court also approves payment from the Maximum Amount for an incentive payment to Jim Canales in the amount of $5,000.00, to reimburse the Class Representative for his valuable service in maintaining this litigation and the

benefits conferred onto the Class and Transdev's current and future employees as a result of the Action. The Court finds that these payments are fair and reasonable. The Settlement Administrator is directed to make the foregoing payments in accordance with the terms of the Settlement Agreement.

14. The Court hereby approves a payment from the Maximum Amount of $15,000.00 to the California Labor & Workforce Development Agency for its share of penalties under the Labor Code Private Attorneys General Act, pursuant to Labor Code § 2699(i), in accordance with the terms of the Settlement Agreement.

15. The Court hereby awards to Class Counsel the amount of $67,500.00 for attorneys' fees, and $40,000.00 for reimbursement of litigation costs incurred. Based on Plaintiff's Motion for Attorneys' Fees and Costs, and Class Representative Incentive Payment, the Court finds that Class Counsel advanced legal theories on a contingent-fee basis, that their efforts resulted in a substantial monetary recovery for the Settlement Class, and that the requested attorneys' fees awarded are reasonable. The Court finds this payment to be fair and reasonable. The Court shall withhold 10% of Class Counsel's awarded fees ($6,750.00) until after the Post-Distribution Accounting declaration has been filed.

16. Final judgment is hereby entered pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure and pursuant to 29 U.S.C. § 216(b). This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

17. The Settlement Administrator shall distribute the Settlement within 40 days of the Effective Date ~~(June 19, 2019 assuming Final Approval is granted on May 9, 2019)~~. The Effective Date is defined in accordance with ¶ 18 of the Settlement Agreement. ~~as the first day following this Court's Order granting final approval of the Settlement~~.

18. The Court orders the parties to file a Post-Distribution Accounting declaration which includes the following information: when payments were made to class members, the number of members who were sent payments, the total amount of money paid out to members, the average and median recovery per class member, the largest and

smallest amount paid to class members, the number and value of cashed and uncashed checks, the number of members who could not be contacted, the number of objections and opt-outs, any significant or recurring concerns communicated by members to the settlement administrator and counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

19. The Post-Distribution Accounting declaration shall be filed by:

☐   ~~July 10, 2019 (21 days after the distribution of the Settlement)~~

X   August 2, 2019

IT IS SO ORDERED.

Dated: June 3, 2019

_____
The Honorable Vince Chhabria
United States District Judge